UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIPPE ALEJANDRO FRANKLIN,

    Plaintiff,

v.

    Case No. 22-cv-10113
    Honorable Linda V. Parker

MUHAMMAD REHAN,

    Defendant.
_____/

## OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT

Plaintiff filed this pro se lawsuit against Defendant on January 19, 2022. (ECF No. 1.) After Defendant filed an Answer to Plaintiff's Complaint (ECF No. 7), the matter was assigned for all pretrial purposes to Magistrate Judge Kimberly G. Altman (ECF No. 10.) Magistrate Judge Altman then issued a Scheduling Order setting *inter alia* a deadline for discovery of July 29, 2022, and a dispositive motion deadline of August 29, 2022. (ECF No. 11.) When no dispositive motions were filed, Magistrate Judge Altman entered a certification of completion of pretrial proceedings on January 18, 2024. (ECF No. 12.)

On the same date, this Court issued a notice to appear by telephone for a status conference on January 31 at 10:00 a.m. (ECF No. 13.) The notice was served on Plaintiff at his address of record. (*See* 1/18/24 Text-Only Certificate of

Service.) Counsel for Defendant appeared by telephone for the January 31 conference. By 10:25 a.m., Plaintiff had failed to appear.

Defense counsel informed the Court at the conference that he had not been in contact with Plaintiff throughout these proceedings. The phone number counsel was provided for Plaintiff was not answered. Counsel also indicated that there is a bench warrant for Plaintiff in a criminal action in Oakland County Circuit Court. The Court was aware of these proceedings from Defendant's Answer, which alleged that Plaintiff had borrowed Defendant's automobile but then failed to return it. The docket in those proceedings reflect the Plaintiff was charged in December 2021 with Unlawful Use of a Motor Vehicle in violation of Michigan Compiled Laws § 750.414, and failure to appear for a May 17, 2022, resulting in the issuance of a bench warrant which remains outstanding. *See* https://courtexplorer.oakgov.com.

Due to Plaintiff's lack of activity in this action, the Court issued an order on January 31, 2024, requiring him to show cause in writing within fourteen days as to why the action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2. (ECF No. 14.) The Court warned Plaintiff that the "[f]ailure to respond to th[e] show cause order may result in dismissal of this action without further notice from the Court." (*Id*. at PageID. 105.) The deadline has expired, and Plaintiff has

not contacted the Court in writing or otherwise. The Court, therefore, is dismissing his Complaint pursuant to Rule 41(b) and Local Rule 41.2.

The Sixth Circuit has identified four factors for a court to consider in deciding whether to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Shafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363).

There must be "'a clear record of delay or contumacious conduct.'" *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)). Contumacious conduct is "behavior that is 'perverse in resisting authority' and 'stubbornly disobedient.'" *Id*. at 704-05 (quoting *Schafer*, 529 F.3d at 737) (additional quotation marks and citation omitted). "The plaintiff's conduct must display either an intent to thwart judicial

proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Id*. at 705 (additional quotation marks and citation omitted). Here, the record demonstrates such delay.

As detailed above, Plaintiff has ignored these proceedings and the Court's orders. He has not sought or otherwise participated in discovery and failed to appear at a court proceeding. He is a fugitive from justice in a criminal case related to the pending matter. The Court sees no utility in considering or imposing lesser sanctions given Plaintiff's complete abandonment of this case.

Taken together, the relevant factors support dismissal of this lawsuit with prejudice for failure to prosecute.

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: February 14, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 14, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan  
Case Manager